IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Charles Ivie, | NO. C 07-03717 JW |
| Plaintiff, | **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| U.S. Government, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1915(a), Charles Ivie ("Plaintiff") has filed an Application to Proceed in Forma Pauperis based on his declaration of poverty.

Title 28 U.S.C. Section 1915(a)(1) provides that "Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

Although the Ninth Circuit has not directly addressed whether non-prisoners may bring suit in forma pauperis under the 1996 amendment to § 1915(a), other circuits have found that this right still exists. Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) (overruled on other grounds); Schagene v. U.S., 37 Fed. Cl. 661, 662 (Fed. Cl. 1997);  see also Leonard v. Lacy,

1  88 F.3d 181, 183 (2d Cir. 1996). In addition, the Supreme Court has held that an in forma pauperis
2  applicant need not be "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du
3  Pont De Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an
4  affidavit stating that because of his poverty, he cannot "pay or give security for the costs" of a suit.
5  Id.

6  In this case, Plaintiff has declared under the penalty of perjury that he is not presently
7  employed and does not drive or own anything of value. He has only $57.12 in his bank account. He
8  does have an automobile, but he attests that it is a liability, and not an asset. He declares that he has
9  other liabilities as well, including rent and utilities. He lives off of social security payments for
10 disability. Based on Plaintiff's declaration of poverty, the Court GRANTS Plaintiff's Application to
11 Proceed in Forma Pauperis.

12 Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the case at any time if the
13 court determines that it "is frivolous or malicious, fails to state a claim on which relief may be
14 granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
15 1915(e)(2)(B); See also Denton v. Hernandez, 504 U.S. 25, 27 (1992).

16 The Court proceeds to examine Plaintiff's tendered Complaint, straining to read it in light
17 most favorable to him. As noted by Magistrate Judge Richard Seeborg, the basis of Plaintiff's claim
18 is far from clear. It appears that he believes he is wrongfully being impeded from traveling to
19 Canada as the result of his criminal record, and that matters in the documentation of that record are
20 factually incorrect. Plaintiff has named as defendants the U.S. and Canadian governments, along
21 with a number of governmental entities and agencies as well as an Officer Weiss, the individual who
22 allegedly denied Plaintiff entry into Canada.

23 To the extent that Plaintiff seeks for the Court to adjudicate Canadian border policy, the
24 Court has no jurisdiction over his claims. Further, Plaintiff's existing pleadings, which are largely
25 handwritten and barely legible, are insufficient to a state a cognizable claim under state and federal
26 law. Accordingly, the Court DISMISSES Plaintiff's Complaint as to all parties.

27
28                                                                 2

In light of Plaintiff's *pro se* status, the Court GRANTS Plaintiff leave to amend the Complaint to state a cognizable Due Process violation regarding his arrest record committed by a party over which the Court has jurisdiction. In addition, Plaintiff must clearly articulate whether he has exhausted his administrative remedies. Plaintiff shall file an Amended Complaint by **November 19, 2007**. If Plaintiff fails to file an Amended Complaint in accordance with this Order, the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: October 19, 2007

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles Ivie
20 Helvic Avenue
Monterey, CA 93940

**Dated: October 19, 2007**              **Richard W. Wieking, Clerk**

                                          **By:  /s/ JW Chambers**
                                              **Elizabeth Garcia**
                                              **Courtroom Deputy**

United States District Court
For the Northern District of California