IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Charles Ivie, | NO. C 07-03717 JW |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR LACK OF PROSECUTION** |
| v. | |
| U.S. Government, et al., | |
| Defendants. | |

On October 10, 2007, the assigned Magistrate Judge Richard Seeborg issued an Order recommending that this case be dismissed. (Docket Item No. 6.) On October 19, 2007, the Court dismissed Plaintiff's Complaint for failure to state a claim. (Docket Item No. 10.) In light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend the Complaint to state a cognizable claim. The Court gave Plaintiff until November 19, 2007 to amend his Complaint. To date, the Court has not received the Amended Complaint nor any communication from Plaintiff. Accordingly, the Court raises, *sua sponte*, the issue of whether Plaintiff's action should be dismissed for lack of prosecution.

A district court has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R. Co., 370 U.S. 626 (1962); Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). Rule 41(b) states in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision . . . operates as an

adjudication upon the merits." Fed. R. Civ. P. 41(b).  "This power is necessary to prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant."  Medeiros v. U.S., 621 F.2d 468, 470 (1st Cir. 1980).

In determining whether to dismiss for lack of prosecution, generally the court considers: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.2d 393, 399 (9th Cir. 1998) (internal quotations omitted); See also Al- Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The Ninth Circuit will affirm dismissal where at least four factors support dismissal, or where at least three factors "strongly" support dismissal.  Yourish v. Cal. Amplifier, 191 F.2d 983, 990 (9th Cir. 1999).  Further, *sua sponte* dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In its October 19 Order, rather than dismissing Plaintiff's Complaint with prejudice, the Court considered less drastic alternatives.  However, the Court specifically noted that if Plaintiff did not amend within the allotted time, "the action will be dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  (Id.)   It has been eleven days since Plaintiff's deadline passed, and he has not filed an Amended Complaint.  The Court had liberally construed Plaintiff's Complaint as one asserting potential civil rights claims. As previously dated by the Court, generally, in Section 1983 cases, delay itself is prejudicial because witness memories fade and evidence becomes stale or undiscoverable.

Accordingly, the Court finds good cause to DISMISS Plaintiff's action with prejudice for lack of prosecution.

Dated:  December 6, 2007

*James Ware*
JAMES WARE
United States District Judge

2

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles Ivie
20 Helvic Avenue
Monterey, CA 93940

**Dated: December 6, 2007**           **Richard W. Wieking, Clerk**

                                      **By:   /s/ JW Chambers**
                                             **Elizabeth Garcia**
                                             **Courtroom Deputy**