STATE OF CALIFORNIA
Steve Poizner, Insurance Commissioner
**DEPARTMENT OF INSURANCE**
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013
(213)346-6590
(213)897-5891(FAX)
www.insurance.ca.gov

criminal complaints
More civil complaints to follow against all
NYL State will revoke
Filed again Fed & State claims for last time. Bankrupt, indigent, disabled etc because of system of tyranny and Fraud

June 24, 2008

Charles Ivie
20 Helvic Avenue
Monterey, CA 93940

Requires no additional proof of disability as submitted with no movement with no avenue of care needed (physical) for which GSRI supports.

Our File Number: CSB-6348221
Regarding: New York Life Insurance Company
San Diego County

Dear Charles Ivie: workers comp and for which GSRI
State disability - Fed ERISA claims

Thank you for contacting the California Department of Insurance. We have received your request for assistance.

After reviewing the information you submitted, additional documentation is required in order for us to determine our ability to assist you with your problem. Please submit the following items:

> The enclosed form completed in its entirety. Please be sure to summarize the problem you are having and the nature of your complaint.

Please forward the requested information as soon as possible. If we do not receive the requested information within the next twenty (20) days, we will assume you are no longer interested in pursuing this matter and will close our file accordingly. will not deal with unreasonable statue of limitation for Fraud

Again, thank you for contacting us with your concerns. If you should have any questions, please feel free to contact me.

6-28-08

Sincerely,

There are several claims over time submitted to you for which you state you have no jurisdiction and for which insurance Fraud existing by insurance companies NYL, Principal, SCIF, uninsurance Fund, ERISA, E&O Real estate brokers, Chicago title insurance etc. The claims are for $30,000,000 against Principal Mutual, Attorneys, Doctors, FDIC, State etc. $3,000,000 statewide MAC WC employees XYZYX, TBI as Filed $1,000,000 San Diego County all as Filed noticed Recorded and in record for massive government - non public

Amita C. Dhruv
Associate Insurance Compliance Officer
Phone: 213-346-6569
Fax: 213-897-5891
Email: dhruva@insurance.ca.gov

Please refer to our file number when corresponding with us.

entities, fraud committed by Attorneys, real estate brokers, title insurance, Doctors, insurance companies, employers, state, courts, DMV, etc et al as filed. For damages in full as all evidence provided with no reasonable proof otherwise always in favor of injured, citizens, professionals - not governments and illegally licensed but/ir unethical persons as filed.

[signature]

Stop the fraud and enforce all laws.

Do something!

STATE OF CALIFORNIA — Steve Poizner, Insurance Commissioner

**DEPARTMENT OF INSURANCE**
CLAIMS SERVICES BUREAU
300 SOUTH SPRING STREET, SOUTH TOWER
LOS ANGELES, CA 90013
www.insurance.ca.gov
CCB-010 P
Revised: 12/21/06



# REQUEST FOR ASSISTANCE

Charles Ivie
Name

20 Helvic Ave
Address

Monterey CA 93940
City Zip

Work Phone: ( ) NA

Home Phone: (831) 372 5355

---

**Before you file a complaint with the Department of Insurance, you should first contact the insurance company, agent or broker in an effort to resolve the issue(s). If you do not receive a satisfactory response, then complete this form, attach copies of any important papers that relate to your complaint and mail to address shown above.**

**Please be aware that a copy of this Request for Assistance and other documentation submitted by you may be provided to the insurance company, agent or broker unless you indicate that you do not want a copy of your correspondence forwarded by checking the box:**

☐ **Do not forward a copy of the completed form and the documentation provided. However, please contact the insurance company and investigate the complaint on my behalf.**

1. Complete name of insurance company involved: St Paul [illegible] - Anderson N/C provided

2. Type of Insurance: Auto ☑ Home ☑ Life ☑ Health ☑ Other ☑ Disability

3. (a) Name of the policyholder if different from your name: Charles Ivie / Glen Anderson

   (b) If a group policy, provide the group name:

4. Policy identification or certificate number: several as filed

5. Claim number (if applicable) several as filed

6. Date loss occurred or began (if applicable) See on

7. Broker/Agent (if applicable) various - see file Broker/Agent License number

   Street address City/State / Zip

8. Have you contacted the company, agent or broker? Yes ☑ No ☐

   If yes, state the date(s) and person(s) contacted several over time

   (Provide copies of all correspondence)

(COMPLETE REVERSE SIDE)

9. Have you reported this to any other governmental agency? Yes (circled) All No ______
If yes, please give: County, Gov, regulators - general as filed.
(1) Name of agency: ______
(2) File number, if known: general as filed - subpoena records

10. Have you previously written to the Department of Insurance about this matter?
Yes ☒ No ☐ File number (if available) general as filed Date 90's on

11. Is there attorney representation in this matter? Yes ☐ No ☒ we pro per processed denied pro paperis

12. Is a lawsuit currently on-going or pending? Yes ☐ No ☒ If yes, our ability to mediate this matter is limited, but we will investigate your inquiry for any regulatory issues. We may defer the regulatory investigation until the finality of the litigation. We ask that you still complete this form so we have a record of your issue. Once the matter is concluded, we would welcome any information regarding violations of law by the insurer that you or your attorney are willing to provide.

13. Briefly, describe your problem (use additional paper if needed):
[illegible] fraud under law contracts ERISA definition proof, perjury, malpractice, insurance insurance disability frauds as named reported, noticed, [illegible] with

14. What do you consider to be a fair resolution to your problem?
$35,000,000 in damages, injunctions, removals as filed. Penalties. Sanctions etc et al as filed. Some responsibility & enforcement of law as [illegible].

[signature]
(Signature)

6-25-08
(Date)

UPDATED LIEN

MICHAEL M. BRONSHVAG, M.D.
A PROFESSIONAL CORPORATION
Diplomate in Neurology, ABP&N
Diplomate in Internal Medicine, ABIM

(800) 245-7899
email: bronshmail@aol.com

PHONE (415) 506-0262
FAX (415) 506-0275

Mailing Address:
P. O. Box 2549
San Rafael, CA 94912

Street Address:
10 Commercial Blvd., Suite 108
Novato, CA 94949

Nov 18, 2007

(DIS)

There are none

The ~~Honorable~~ Judge
Workers' Compensation Appeals Board
1880 N.MAIN ST., 1ST FLOOR
SALINAS, CA 93906

Re: Request for file of lien(s)
Patient: CHARLES IVIE vs. STATE COMP INS FUND(S J) and CHARLES IVIE and UNINSURED EMPLOYERS FUND (OAK)

WCAB: (SAL) WC 21592 VNO16R242
DOI: 10/8/85;9/22/92

Gentlepersons:

Your attention is directed to the following request of documents to be filed.

Notice and Request for Allowance of Lien(s). # 1,215.32

Lien claimant requests order for payment of said lien(s) claim, together with penalty and interest, as provided by statute.

Sincerely,

Ms Dawn C. Bzema

Accounts Receivable Department
Michael M Bronshvag, M.D., INC

cc: STATE COMP INS FUND(S J)
UNINSURED EMPLOYERS FUND (OAK)
CHARLES IVIE
"PRO PER"

If you have any questions regarding this lien, please contact Jeanne' at (415) 506-0262 ext 100

PROOF OF SERVICE BY MAIL

I am a citizen of the United States and a resident of the County of Marin. I am over the age of eighteen years and not a party to the within, above-entitled action. My business address is 10 Commercial Blvd, Suite 108, Novato, Ca 94949.

On November 18, 2007, I served the within

NOTICE AND REQUEST FOR ALLOWANCE OF LIEN

on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, addresses as follows:

STATE COMP INS FUND(S J)
P O BOX 530957
SAN JOSE, CA 95153

UNINSURED EMPLOYERS FUND (OAK)
1515 CLAY ST
STATE BUILDING,17TH FLOOR
OAKLAND, CA 74612

CHARLES IVIE
20 HELVIC AVE
MONTEREY, CA 93940

"PRO PER"

I certify under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2007, at Novato, Ca 94949.

[signature]

moody, and aggrieved. Noteworthy responses included: "Lately, my strength seems to be draining out of me, even early in the morning," and "I feel terribly depressed and sad much of the time now."

Diagnostic considerations included a bipolar disorder with possible psychotic features, generalized anxiety disorder, and a somatoform disorder.

*The Symptom Checklist 90-R* is a multi-dimensional self-report inventory designed to assist as a screening instrument for psychopathology. In terms of the SCL-90-R, this was elevated and very much within the clinical range. Symptoms of note included feeling easily annoyed or irritated, pains in lower back, and trouble concentrating. The patient's level of stress is extremely high.

## REVIEW OF MEDICAL RECORDS

I have reviewed the medical file in its entirety and it is summarized as follows:

1. Declaration of Charles Ivie of April 19, 1999.

2. Statement of Richard Kostkas of September 6, 1999. "I have known Mr. Ivie for at least ten years. The first time I met Mr. Ivie, he was recovering from an injury and was studying for the CPA exam (1988). At that time my employer and I hired Mr. Ivie to do some bookkeeping work. After a short period of time, we had to dismiss Mr. Ivie, due to his inability to sit and perform the accounting work. Since that time, on several occasions, I have tried to employ Mr. Ivie, but with similar experiences, and his inability to focus and sit for an extended period of time."

3. Statement of Christopher Wagner of August 30, 1999. "I have noticed Charles extremely depressed and angry, irritable and fatigued. I believe Charles' injuries to be real and credible."

4. Statement of Christopher Wagner of September 9, 1999, and Thomas Trout of September 9, 1999.

5. Statement of Daniel Chavez of September 3, 1999.

Records of stalking with videos prove nothing about true condition or submitted and invented by all laws

6. Statement of Aaron Sisneros (not dated).

7. Statement of Peter Pestoni, Executive Director, Savant, A Public Charity; and The Very Reverand, Teak Maria Maas (no date given).

8. Letter of The Most Reverend Teak Maria Maas of St. Francis Orthodox Catholic Chapel of Pacific Grove, of September 9, 199.

9. Letter of Linda Goddard and Mark Goddard of September 12, 1999.

10. Statement of Bryan Johnson of October 19, 1995.

11. Statement of Richard Lippit of June 16, 1996.

12. Statement of Richard Lippit of July 15, 1996.

13. Statement of changes in Lippit's deposition (undated).

14. Records of Paul Tochett, M.D., including laboratory results, and a note of April 10, 1987. The patient had migraine headaches.

15. Evaluation of Charles Martin, M.D., of September 22, 1995. The patient was felt able to handle his own assets.

16. Records of John Beaudoin, Ph.D., of October 13, 1995. The patient was referred to Dr. Fennell. He was diagnosed with anxiety and dysthymic disorder, and was treated with antidepressants.

17. Progress notes of Dr. Beaudoin of October 27, 1995, October 24, 1995, November 7, 1995, November 14, 1995, October 31, 1995. *The patient was very isolated, as a defense.* Progress notes of January 3, 1996, January 18, 1996, January 30, 1996, February 20, 1996, March 19, 1996. *The patient was felt to be depressed from physical injuries. "Sting operation for prostitution."* Progress notes of March 12, 1996, March 26, 1996, April 2, 1996, April 9, 1996. *Issues of divorce. Issues of anger about his brother's suicide.* Progress notes of April 23, 1996. *Findings included depression and anxiety.* Progress notes of May 14, 1996, June 15, 1996, July 16, 1996, July 27 1996, July 31, 1996, August 13, 1996, August 6,

1996. *Dealing with accidents and assaults. Easily overwhelmed.* Progress notes of September 11, 1997, November 21, 1996, November 26, 1996, December 31, 1996, March 25, 1997, April 8, 1997, April 22, 1997. *Increased agitation, re-traumatization. Lethargic and depressed.* Progress notes of July 1, 1997. *Stress with litigations.* Progress notes of September 17, 1997. *Factors of patient's claim denied.*

18. Form filled out by Dr. Beaudoin of February 14, 1997. "The patient reports that since the two traumatic injuries he is easily stressed which is manifest as diminished motivation and inability to communicate." Diagnoses were "posttraumatic stress disorder and dysthymia."

19. Supplemental report of Dr. Beaudoin of February 27, 1997.

20. Initial assessment of Dr. Beaudoin of September 22, 1995.

21. Letter of Terry Dichter, M.D., of October 26, 1984.

22. Deposition of Richard Lippit of March 22, 1995. The patient was described as being in bad pain, and grimacing. Mr. Lippit helped the patient up the stairs.

23. Form filled out by the patient on November 22, 1994.

24. Report of Robert Badke, M.D., of November 29, 1994. The patient was experiencing mental strain. States different diagnosis at different times, "Insurance whore"

25. Doctors On Duty note of August 2, 1994. "Rib fracture."

26. Records from XYZYX Corporation.

27. Statement with signature of "MW," dated April 17, 1986. "Mr. Ivie is a 28-year-old man who was pushed down stairs in October 1995, and suffered a patellar fracture."

28. Records of William Couff, M.D., including his note of April 15, 1986. "Depressive disorder."

29. Letter of Dr. Jabat of May 20, 1986.

30. Records of LAC-USC Medical Center.

31. Records of Paul Anderson, M.D.

32. Deposition of the patient of April 24, 1989. (Question) "Do you contend that all of the injuries you received were a result of the incident that occurred from Mr. Arendt throwing you down the stairwell and kicking and hitting you as you lay on the floor?" (Answer) "Yes."

33. Deposition of Stuart Baumgard of August 7, 1989.

34. Deposition of the patient of December 1, 1988. The patient had reported incidents of Debbie Durant, and had called the police.

35. Deposition of Eugene Lin of May 2, 1995.

36. Depositions of the patient of April 24, 1989, November 19, 1996, May 5, 1993.

37. Records from Stanford Hospital of Michael Labanwski, M.D., of May 2, 1992. There was evidence of a mild sleep disorder, according to the letter of Dr. Labanwski of May 6, 1992.

38. Evaluation of Michael Bielinski, M.D., of May 13, 1986. The impression was "psychiatric disorder of posttraumatic stress disorder, and a personality disorder." This was felt to be slightly disabling. "Mr. Ivie would tend to be a more self-dramatic exaggerated expression of emotion and craving for activity and excitement and possibly would be prone to tantrums regarding attention to himself."

39. Records from Orthopedics Consultants Medical Group of November 21, 1985, October 10, 1985.

40 Evaluation of Andrew Schourtz, M.D., of June 3, 1989. The impression was "healed fracture, right patella."

41. Letter of Mark Wellisch, M.D., of April 17, 1986.

42. Records from the Natividad Medical Center.

43. Records of Alan Vischoot, M.D., of December 15, 1992, January 5, 1993, March 10, 1993, March 13, 1993, April 28, 1993. "Recurrent low back pain."

44. Evaluation of January 20, 1998, of Charles Martin, D.C.

46. Evaluation of Julius Huscher, M.D., of April 2, 1992. The patient was felt to be suffering from a slight work-related psychiatric disability. He was felt to be permanent and stationary, and was not considered a qualified injured worker.

47. Records of Crawford Foy, DDS.

48. MRI interpretation of June 13, 1997.

49. Form filled out by Dr. Fennel on March 27, 1997. "Depression, personality disorder, posttraumatic stress disorder."

50. Note of Dr. Fennel of June 5, 1997. "Continue off meds."

51. Note of Dr. Fennel of March 1, 1997. "No change in symptoms. Severity of dysphoria. Intrusive recollections, etc., related to whatever conflicts or frustration with various legal matters."

52. Letter of Dr. Fennel of June 27, 1996. "Patient extremely upset and angry about ongoing problems with attorneys, claims, etc."

53. Evaluation of Kenneth Light, M.D., of June 11, 1997. "He is under the care of a psychiatrist since he was diagnosed with a posttraumatic stress syndrome associated with his original injury."

54. Legal folder, which appears to be from a Sherrie McCracken, Esq., of September 1, 1998.

55. Records of William Couff, M.D.

56. Records from the Stanford Sleep Clinic of April 15, 1992.

57. Records of Frederick Radfern, M.D., Senior Resident of Orthopedic Surgery.

58. Deposition of Frederick Arndt of October 11, 1988. The incident was witnessed by his wife. "He grabbed me first and then started yelling as he walked me back out the door."

59. An attorney's folder with multiple bills.

60. Another attorney's packet, including photographs and liens. "I have a claim for victim of crime for ten years, and never received any compensation for damages. The doctors are being reimbursed, but me, the victim, has been left out to dry. I would like any and all restitution due to me under the law in this program. I have the three injuries that have gone relatively untreated and uncompensated. I have filed for bankruptcy."

61. Psychiatric evaluation of Julius Huscher, M.D., of October 9, 1992. "Dysthymic, currently mild; anxiety; personality disorder, NOS." There were felt to be slight to moderate levels of impairments.

62. Legal file of Charles Ivie versus TRI Systems.

63. Legal file of Charles Ivie versus XYZYX Corporation. The patient notified his personal injury attorney of the facts in his correspondence. "I am now incarcerated on those false charges that benefit my God-given legal right to confront all witnesses against me, as promised by the court as part of my plea bargaining," dated October 21, 1993.

64. Evaluation of Eugene Woods, M.D., of July 15, 1998. "Taken as a whole, a diagnosis of malingering, DSM-IV 65.2, is inescapable. Mr. Ivie is clearly a malinger, and his word cannot be trusted unless supported by the documents of the case and the corroborating evidence." On Axis II he was felt to warrant a borderline personality disorder.

Fraud

65. Records of West Valley Urgent Care.

66. Packet of Industrial Counsel Regulations.

67. Evaluation of Roy Curry, M.D., of September 26, 1997. The impression was "dysthymia, personality disorder, and also malingering."

68. Supplemental report of Dr. Curry of July 20, 1998. "Video films show the man in a completely different venue than described in his history or clinical exam. He is able to move easily. He does not have a cane, is not hunched over, is moving easily, fluidly, is noted to be able to carry what appeared to be fairly heavy garbage cans filled with either dirt of garden refuse. They reveal him walking easily, fluidly, over uneven terrain. He was also noted to be in the company of others. Frankly, I think the diagnosis of malingering or gross exaggeration is verified by the films."

69. Dr. Fennell's letter of April 16, 1998. "I see his depression has certainly worsened by his chronic pain, if that is not the primary etiology at this time."

70. Videotapes of March 18, 1998. The patient is seen to be walking alongside a companion, at approximately noon. He is carrying a full garbage bag with what appears to be grass and leaves. The patient is obscured behind a fence. The next scene is March 19, 1998. The patient is ambulating with no aids. In the bathroom, the patient is moving an empty garbage container, and then two more empty garbage containers. The next segment is April 22, 1998. The patient is hunched over, eating. His visual expression cannot be made out. The patient then is seen to be bending over, and then entering a car, and then exiting the car. He is walking about and making a phone call. The next segment is approximately 11:15 that morning. The patient seems to be inspecting a vehicle, and walking away with a group. The patient was seen entering California Trail Days, and walking on the trail with a number of companions. At 3:00 that afternoon, he is seen walking out with a friend. He is walking apparently freely.

**DIAGNOSES - DSM-IV**

| | | |
|---|---|---|
| Axis I | 309.89 | Posttraumatic Stress Disorder |
| | 300.40 | Dysthymic Disorder |
| | 305.00 | Alcohol Abuse, in remission |
| Rule out | 316.00 | Psychological Factors Affecting Medical Condition |

Dysthymic Disorder. It appears that there has been a period of partial temporary psychiatric disability from January 1993, up until the time of this examination. The patient has been treated, improved, and stabilized. It is reasonable to consider him to be permanent and stationary at the time of this examination, September 21, 1999.

The patient is left with a residual permanent psychiatric disability. In terms of specific impairments for work functions entailed in the patient's disability, the work function impairments are as follows:

**Work Function Impairments**

| Work Function | Level of Impairment | Supporting Data |
|---|---|---|
| 1. Ability to comprehend and follow instructions. | Very slight | Poor memory and concentration |
| 2. Ability to perform simple and repetitive tasks. | Very slight | Problems with sleep, low energy, increased sensitivity to pain. |
| 3. Ability to maintain a work pace appropriate to a given work load. | Very slight | Problems with sleep, low energy, increased sensitivity to pain. |
| 4. Ability to perform complex and varied tasks. | Very slight | Problems with sleep, low energy, increased sensitivity to pain. |
| 5. Ability to relate to other people beyond giving and receiving instructions. | Very slight | Anxiety, depression, agitation, anger. |
| 6. Ability to influence people. | Very slight | Anxiety, depression, agitation, anger. |
| 7. Ability to make generalizations, evaluations or decisions without immediate supervision. | Unimpaired | |
| 8. Ability to accept and carry out responsibility for direction, control and planning. | Unimpaired | |

severe

understated

MICHAEL M. BRONSHVAG, M.D., INC.
A PROFESSIONAL CORPORATION
P.O. BOX 2549
SAN RAFAEL, CA 94912

Fraud
as Filed

W/C Fraud

CHARLES IVIE
20 HELVIC AVE
MONTEREY, CA 93940

: **Charles Ivie**
tober 5, 1999
ge 22

**pportionment** The patient did not have any psychiatric disability prior to his 1985 injury. There is no issue of portionment in his case. I understand that his claims have been combined into one; refore, it would not be appropriate to apportion between the two.

**habilitation** Mr. Ivie is permanent and stationary. He is not precluded from doing his usual work on a purely chiatric basis. He is not a qualified injured worker psychiatrically.

**eatment** Mr. Ivie has received psychotherapy and appropriate medical management. This has been indicated on an upational basis. At this point in time the patient is much improved, and I recommend continue to see his psychiatrist for combined psychotherapy and medication nagement, on a once-monthly basis. This treatment should be available to him for the lowing six months.

ank you again, Mr. Ivie, for the opportunity to be of service to you settling your case. here is anything I can do to be of further assistance to you, please do not hesitate to let know.

clare under penalty of perjury that the information contained in this report and its attachments, if any, is and correct to the best of my knowledge and belief, except as to information that I have indicated I ived from others. As to that information, I declare under penalty of perjury that the information rately describes the information provided to me and, except as noted herein, that I believe it to be true. factors of this examination were performed by myself, save for the actual transcription of the report. I her declare under penalty of perjury that I have not violated Labor Code Section 139.3 and have not red, delivered, received, accepted any rebate, refund, commission, preference, patronage, dividend, ount or other consideration, money or otherwise, as compensation or inducement for any referred nination or evaluation.

cerely,

6-18-05

erto G. Lopez, M.D., M.P.H.
lomate, American Board of Psychiatry and Neurology
istant Clinical Professor, Department of Psychiatry
iversity of California, San Francisco

: 10-7-99

nty 8P

:b.005

Thank for help and interpretation W/C Fraud filed on [illegible] [illegible] employers illegal - [illegible] W/C Board, [illegible] - [illegible], [illegible], State, [illegible], State [illegible], Inc as filed.

Old cases reinstated for Damages

FILED
05 DEC 13 PM 3:15
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
JF RS 540

Charles Ivie, esq
20 Helvic Ave.
Monterey, Ca 93940
831-647-0861

SUPREME Court OF US
DISTRICT COURT, NOTHERN CALIFORNIAS
APPELLATE COURTS, NINTH
STATE Supreme Court
APPELLATE SIXTH
SUPERIOR COURT OF MONTEREY

C 05 - 5185

Charles Ivie

V

US government, Federal Judges, State of California, Gov, DOJ, Principal Mutual, Balke WCAB, VOC, Fogel, Ware, Clark, TPI(Lin's), Xyzyx (Inaba), Grossman, SCIF< Bernal, Mccracken, Etc etal, State Bar,AME's and Qme"s MBE, Judicial council, all counties of Jurisdiction (Monterey, Santa Clara, san Francisco, San Jose, UNINSURANCE FUND etc etal, Does 1-100 [illegible]

WRIT OF MANDEMUS, REMOVAL, REVERSAL, REPRIMANT, CEN-SURE, INCARCERATION, FRAUD RECONSIDERATION, DAMAGES, AWARD, REVIEW, REMANDETC ETAL

JF RS

CASE NO'S : 99-1502,CV-97-21037
WCK21592,VNO164242
VOC 95373,398648

(PR)

JUSTICE KENNEDY EN BANC

---

[illegible] on Ivie, Plaintiff, petitioner, appellant, the following order [illegible] against all named parties of interest since there has been no [illegible] and NoaLeaders on CSPAN at Cleveland High School in [illegible] fraud perpetrated by the Judiciary on behalf of [illegible] the Kosinski statement that "a government must take care of [illegible] who interprets and does not apply the law, or responsibility, [illegible] hang up their robe…" Kosinski is talking about himself and the [illegible] other federal Judges who use illegal arbitrary and capricious standards and take away the lives of all disabled illegally. This is"…. the antithesis of government not to protect a single person for what has happened in these cases, now published, and removed to federal and state courts for due process and criminal prosecution, and disengorgement of ill-gotten gains. Your are neither critical thinkers, or learners and destroy the very fabric of government you profess to represent

RECITATION OF CASES

Due to the fact that the medical evidence was not considered in the illegal ERISA case that proved beyond any doubt that Ivie was and is disabled from any and all work, there was no independent decision made, but in fact the illegal "isolation standard" was used with fabricated, fraudulent information by the Principal and it's agents. In the illegal State Workers Comp case, all law was disregarded by the dishonorable Clarke and given to the board for review with irresponsibly no response from the Board or VOC and is therefore now remanded to state and federal courts government, and regulatory [illegible]. Evidence was fabricated as proven by the record

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP - 7 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

CHARLES IVIE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants - Appellees.

No. 06-16134
D.C. No. CV-05-05185-JF

**ORDER**

A review of the file in this case reveals that the appellant has failed to perfect the appeal as prescribed by the Federal Rules of Appellate Procedure.

Pursuant to Ninth Circuit Rule 42-1, this appeal is dismissed for failure to comply with the rules requiring processing the appeal to hearing.

A certified copy of this order sent to the district court shall act as and for the mandate of this court.

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

By: Joe Williams
Deputy Clerk

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

PRINCIPAL MUTUAL LIFE INSURANCE COMPANY; THE PRINCIPAL FINANCIAL GROUP; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

CHARLES IVIE

ORIGINAL

| | |
|---|---|
| You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de* 30 DIAS CALENDARIOS *para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

CASE NUMBER: *(Número del Caso)* M 36526

The name and address of the court is: *(El nombre y dirección de la corte es)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** MONTEREY
1200 Aguajito Road
Monterey, CA 93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

CHARLES IVIE, plaintiff in pro per 372-5355
20 HELVIC AVENUE
MONTEREY, CA 93940

DATE: *(Fecha)* November 26, 1996

SHERRI L. PEDERSEN
Clerk, by *(Actuario)* CHARLOTTE CLAYPOOL, Deputy *(Delegado)*

(SEAL)

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (individual)
   ☐ other:
4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California

(See reverse for Proof of Service)

removed to fed court

JENSEN, WATSON, LIGHT, M.D.s, INC.

ORTHOPAEDIC SURGERY
SPINAL SURGERY

WILLIAM E. JENSEN, M.D.
CHARLES F.M. WATSON, M.D.
KENNETH I. LIGHT, M.D.
CLEMENT K. JONES, M.D.

1199 Bush St., #600
San Francisco, CA 94109
(415) 673-4500
FAX: (415) 673-4840

July 2, 1997

To Whom It May Concern: RE: Ivie, Charles

Mr. Ivie has been troubled by ongoing back pain in addition to neck pain and right knee pain. He has had an MRI scan of the low back which demonstrates degeneration, collapse and narrowing of the L5-S1 segment. It is likely that this is the cause of his back pain. As far as his knee is concerned, he does have some complaints of instability of the knee and that would be best handled by either an arthrogram and/or arthroscopy. As far as the low back is concerned, he has had this for the last five years and it is not likely that the symptoms will change in the foreseeable future. As far as further treatment is concerned, I think that he could consider having surgery. Anterior discectomy and fusion with the BAK would have a reasonable chance of improving his symptoms. Short of that, there is no treatment at this point which would likely bring about a satisfactory resolution to this problem. Whether to have surgery or not depends on the severity of the pain and the nature of the disability. If the patient felt he could live with the pain as is and return to work, I would advise him against any surgery.

Thank you very much.

Sincerely,

KENNETH I. LIGHT, M.D.

KIL/bjh

**United States Department of Labor**
**Employees' Compensation Appeals Board**



| | |
|---|---|
| , Appellant | ) |
| | ) |
| and | ) Docket No. |
| | ) Issued: January 31, 2007 |
| , Employer | ) |
| | ) |

*Appearances:*
*Esq.*, for the appellant
*Office of Solicitor*, for the Director

*Case Submitted on the Record*

## DECISION AND ORDER

Before:
DAVID S. GERSON, Judge
MICHAEL E. GROOM, Alternate Judge
JAMES A. HAYNES, Alternate Judge

### *JURISDICTION*

On January 27, 2006 appellant, through his attorney, filed a timely appeal of a February 1, 2005 merit decision of the Office of Workers' Compensation Programs, finding that the constructed position of help desk representative represented his wage-earning capacity. Pursuant to 20 C.F.R. §§ 501.2(c) and 501.3(d)(2), the Board has jurisdiction over the merits of this case.

### *ISSUE*

The issue is whether the Office properly reduced appellant's compensation effective , 2001 based on its determination that the constructed position of help desk representative represented his wage-earning capacity.

### *FACTUAL HISTORY*

Appellant, a computer systems administrator, filed a traumatic injury claim alleging that on 1991 he hurt his back while lifting a box of computer textbooks.[1] The Office

[1] The Board notes that appellant's traumatic injury claim form is not contained in the case record.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY

DATE: January 4, 2006

TO: Charles Ivie

FROM: Donna Chacon

RE: Copies of Prisoner's Application to Proceed in Forma Pauperis - Done received

---

Enclosed, herewith is the return of your documents not processed for the following reason(s):

- If your sending this to the District Court note we don't send mail to the District Court. Done - remanded to you

If you have any questions please feel free to contact us at (831)647-5800, Monday thru Friday 9:30 a.m. to 4:00 p.m. Done 2-6-05

Thank you,

Dear

Lisa M Galdos,
Clerk of the Superior Court

I will continue to persue damages for fraud as filed and briefed and timely served

Donna D. Chacon, Deputy Court Clerk

1) Removed Principal Claim
2) Remove Parking tickets
3) Appealed Workers Comp Claim
4) Removed to Supreme Court.

PS - Adoption Fraud

compensation every four weeks of $173.20 based on applicable cost-of-living adjustments of $60.75 and deductions of $68.52 for a health insurance premium and $1.20 for an optional life insurance premium.

Appellant disagreed with the Office's decision and, by letter dated November 27, 2001, requested a review of the written record by an Office hearing representative. He submitted a January 18, 2002 report from Dr. Satow who found that he had chronic degenerative disc disease, myofascial pain, failed lumbar surgery syndrome and probable carpal tunnel syndrome or cervical radiculopathy. Dr. Satow opined that appellant could perform light-duty work as previously found, with frequent breaks.

Magnetic resonance imaging scan reports dated January 11, 1989 and October 14 and 25, 1999 found that appellant had right-sided disc herniation at L5-S1 with residual disc protrusion and osteophyte and degenerative changes in the cervical spine.

In reports dated June 22 and 24, 2002, Dr. Robert T. Badke, a Board-certified orthopedic surgeon, found that appellant suffered from recurrent disc problems at L5-S1. He stated that his subjective complaints were severe. Based on his objective findings, Dr. Badke placed appellant in Category H of the guidelines for work capacity which required him to be in a limited job environment that provided sedentary work.

Dr. Satow's treatment notes and report, covering the period October 1 through November 24, 1999, addressed problems related to appellant's lumbosacral and cervical spine, right elbow and a lower extremity.

In reports dated November 2, 1999 to June 22, 2002, Dr. Satow diagnosed residual or recurrent right paracentral and lateral disc protrusion partially embraced by ostephytes at L5-S1, degenerative disc disease, recurrent lumbar herniation, cervical radiculopathy on the left greater than the right at L5, right carpal tunnel syndrome and chronic depression. He stated that appellant could continue performing semi-sedentary part-time work. On May 22, 2002 Dr. Satow found that appellant was temporarily totally disabled from May 22 through June 22, 2002 pending a psychiatric or psychological treatment.

By letter dated June 17, 2002, the Office denied appellant's June 14, 2002 request for authorization to seek psychiatric treatment and an evaluation by Dr. Dale A. Helman, a Board-certified neurologist. The Office noted that his claim had been accepted for sciatic neuritis and lumbar strain. Therefore, it could not authorize treatment for cervical radiculopathy, carpal tunnel syndrome and upper extremity and psychiatric conditions.

In reports dated June 19 and August 14, 2002, Dr. Satow reiterated his prior diagnoses and found that appellant continued to be temporarily totally disabled. He noted that appellant continued to experience back pain and refused surgery.

## *CONCLUSION*

The Board finds that the Office did not meet its burden of proof to justify the reduction of appellant's compensation on the grounds that he had the capacity to earn wages in the constructed position of help desk representative. The medical evidence on which the Office relied, the report of the impartial medical specialist, Dr. Kingsley, was not reasonably current to establish relevant work limitations.

## *ORDER*

**IT IS HEREBY ORDERED THAT** the February 1, 2005 decision of the Office of Workers' Compensation Programs is reversed.

Issued: January 31, 2007
Washington, DC

David S. Gerson, Judge
Employees' Compensation Appeals Board

Michael E. Groom, Alternate Judge
Employees' Compensation Appeals Board

James A. Haynes, Alternate Judge
Employees' Compensation Appeals Board

Same Factors, Same Time, Same injuries. Therefore All is ordered in Dues Favor by law by competent Orders, Similar case for comparison with my brief. If you want complete case let me know. Radke, Light accounted for non-order benefits or prove incorrect.
[illegible] Charles Dues [illegible]

A claim was filed to all levels for damages and correction as mandated by law.

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR
JORGE NAVARRETE
SUPERVISING DEPUTY CLERK
SAN FRANCISCO
---
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK
LOS ANGELES

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
---
☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

# Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

You allow no due process nor do you or any regulators apply the law as filed. You are obviously morally and financially corrupt & bankrupt.

November 21, 2007

I will tell you again

Mr. Charles Ivie
20 Helvic Ave.
Monterey, CA 93940

Dear Mr. Ivie:

We return unfiled your documents received on November 20, 2007. It is unclear what you want to file in this court.

6-18-05

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

Please

what you have in front of your court is this!

Colleen Thompson

By: C. Thompson, Deputy Clerk

1) $30,000,000 illegal denial of ERISA / Disability Claim by Fosel/ware District Principal Etc as File.

2) $3,000,000 w/c comp Fraud By Doctors, lawyers, state, etc as Filed — VOC — Attorney — State Bar, PUC, etc Fraud — DMV Disabled ticket fees.

3) Several local court, DMV, tens of thousands for local chg — LK — (ie 1M in San Diego alone as filed)

again were Fraud erroneous Fabricate

4) Illegal DOJ / Canadian collusion and Fraud at record was deleted expunged and dismissed ignored by court & canadians with no regard or remedy. All is cleared, deleted, & expunged per law.

COURT OF APPEAL
FOURTH APPELLATE DISTRICT - DIVISION ONE
750 "B" Street, Suite 300
San Diego, CA 92101
(619) 645-2760

To:_ CHARLIE IVIE
_ 20 Helvic Avenue
_ Monterey, CA 93940
_

____Request for extension of time to file a habeas corpus petition is returned, unfiled as unnecessary. There is no time limit within which to file a habeas corpus petition. (See California Rules of Court, rule 60 for guidance in filing a petition for writ of habeas corpus.) There is no fee for filing a petition for writ of habeas corpus and you do not need permission to file one. Enclosed is a form for filing a habeas corpus petition.

File

____Letter ~~requesting case status~~ is returned unfiled, as there is no case, active or inactive, in the Fourth Appellate District, Division One, under the name or number on the request.

____There is no time restriction for the court to render a decision on a criminal writ. You will be notified by mail of the decision once it has been filed or you may register for e-mail notification at http://appellatecases.courtinfo.ca.gov.

____Document is being returned unfiled, as you are not a party to the action.

____The record you requested is in storage. To retrieve the record you must return the enclosed form along with a $20 retrieval fee. Upon notification of retrieval, you may review the file in the clerk's office. If you would like copies you must contact a copy service of your choice to make copies of the documents you desire at an additional cost paid to them.

6-18-08

Dated: 1/14/08 Recv Jean Cook
Deputy Clerk

I will file out and file the criminal/civil claims charges

Form enclosed.

Total Damages as of now as filed in all courts and jurisdiction for 35M
DMV-Parking 9F-55
Stop W/C
DOJ
Police abuses and Fraud

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SANTA CLARA**
**Downtown Courthouse – Civil Division**
191 North First Street, San Jose, CA 95113
(408) 882-2100

- **Self-Service Website:** *www.scselfservice.org.* Providing information for those representing themselves in court.
- **Public Case Information Website:** *www.scccaseinfo.org.* Providing access to local cases through online search & retrieval.
- **Main Website:** *www.sccsuperiorcourt.org.* Providing access to rules, forms, fees, locations & phone numbers.

## Civil Filing Rejection Letter

[ Charles Iune ]
[ V ]
[ State, Fed, Gov, Courts ]

Case Number: various as Filed

Case Title: Government – Anti professional Fraud as now proven and verified beyond any doubt.

Dear Sir/Madam: anti-unethical illegally licensed professionals verified by all law

The Document is being returned for the following reason(s):

☐ The Civil Case Cover Sheet adopted by Rule 3.220 is missing. Please submit the cover sheet within 10 days of this Notice or you may be subject to sanctions under California Rules of Court, Rule 2.30.

☐ The document cannot be accepted for filing without a Proof of Service.

☒ The case number is ☒ missing, ☐ incorrect, or ☐ incomplete. None as filed in appeal or you assign and have on papers.

☐ The documents **MUST** be on adopted Judicial Council forms. ☐ Forms are obsolete.

☐ The document is incomplete. Please complete information where "Red" check marks are placed.

☐ The document is missing an original signature.

☐ The document requires a $________ Filing Fee or Waiver of Fees granted by this Court.

☐ The document is not in compliance with Rule 2.100 - 2.119 as follows:
 ☐ Caption page required ☐ State Bar Number required
 ☐ Two-hole punch and stapled ☐ Telephone number

☐ Request for Dismissal is incomplete. Please provide the information requested.
 Complete: ☐ item 1a. ☐ item 1b.
 ☐ item 2, need consent of ☐ Cross-Complaint ☐ Intervener ☐ Complaint

☐ An Order of Court is required prior to filing this document.

☐ The case was dismissed on: ______________________

☐ The document is filed in the incorrect Court.

☒ Other: Please advise us on what you want us to do with this.

**Notes for Future Reference:**

☐ To expedite your requests for Writs or Abstracts, please submit an **endorsed filed** copy of your judgment.
☒ Please enclose a self-addressed stamped envelope for the return of your copies. Can't afford disabled and Bulk right because of all this
☐ Please make checks payable to: Clerk Superior Court

6-18-08

Date: NOV 21 2007

Kiri Torre
Chief Executive Officer/Clerk

Clerk: S. GANCAYCO

*The Court staff is not authorized to give you legal advice or instruct you on which legal forms to use, as this constitutes an unauthorized practice of law. The Court recommends that you seek appropriate legal assistance.*

CV-5020 REV 1/07

You have DMV, VOC, DOJ, W/C etc Fraud and what ever whoever is operating in your jurisdictions as names [illegible]

cc etc
[illegible] DOJ



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street, Room 102**
**Sacramento, CA 95814-1380**
**Telephone (916) 874-5522 – Website www.saccourt.com**

cs Filed again against All concerned

# RETURNED DOCUMENT FORM

Case Name: Charlie Ivie

Document Name: ? state, Federal, civil professional etc etal

Case Number: ? various as filed Appeals or you Docket and were on papers - You have all evidence now

► **The enclosed document(s) is/are returned for the following reasons(s):**

| | | | |
|---|---|---|---|
| ☐ | Papers presented for filing shall be pre-punched with two holes at the top centered pursuant to CRC 2.133. | ☐ | Enclose a self-addressed, stamped envelope of the **appropriate size** for the return of conformed copies pursuant to CRC 3.1302(b). |
| ☐ | Must use local form pursuant to Local Rule 9.25. | ☐ | Original summons required for entry of default *(endorsed/filed copies are acceptable).* |
| ☐ | Complete information where indicated. | ☐ | Footer is required pursuant to CRC 2.110. |
| ☐ | Substitution of Attorney must be on adopted Judicial Council form pursuant to CRC 1.31. | ☐ | Document does not comply with CRC 2.100-2.119. |
| ☐ | A copy of the judgment is required for issuance of Writ or Abstract pursuant to Local Rule 9.27. | ☐ | Offer to Compromise does not comply with CRC 3.250(a) |
| ☐ | Civil Case Cover Sheet required pursuant to CRC 3.220(b)(1). | ☐ | We charge $15.00 for searching records or files, for each search longer than 10 minutes (includes index research). |
| ☐ | Proof of service required for: *(endorsed/filed copies are acceptable).* | ☐ | Substitution or association of attorney must have State Bar number, firm name, address and telephone number pursuant to Local Rule 3.18. |
| ☐ | Enclose a conformed copy of the judgment for: | ☐ | The caption must specify that it is a "Limited Civil Case" pursuant to CCP 422.30 and CRC 2.111(10). |
| ☐ | Amount of demand required pursuant to GC 72055 and CRC 2.111(9). | ☐ | Requirements regarding venue have not been complied with pursuant to CCP 396a(a). |
| ☐ | Original signature required. | ☐ | $ filing fee or fee waiver is required. |
| ☐ | No record was found. | ☐ | Copies are .50¢ per page - submit |

☒ Other: Please provide Sacramento Superior Case Number You supply all Fraud is filed and Awarded for $35M in damages to Fed, State, local, DMV, POJ's, canadians other states etc etal Filed in all courts, DA's, unregulators State Bar/MBE/Judicial council etc.

12/14/2007
Dated

[signature]
Deputy Clerk

Original - Customer • Copy - File

Returned Document Form

You don't allow the government to follow laws anyway but thank God there are enough people who are armed and ready to stand up to your government fraud under the 2nd amendment, no due process etc.

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC 20543-0001**

December 3, 2007

Charles Ivie
20 Helvic Avenue
Monterey, CA 93940

RE: Charles Ivie

Dear Mr. Ivie:

In reply to your letter or submission, received November 30, 2007, I regret to inform you that the Court is unable to assist you in the matter you present. Fine. Don't need

Under Article III of the Constitution, the jurisdiction of this Court extends only to the consideration of cases or controversies properly brought before it from lower courts in accordance with federal law and filed pursuant to the Rules of this Court. None

Your papers are herewith returned. Good

6-18-07

Never

Sincerely,
William K. Suter, Clerk
By: [signature]
Clayton R. Higgins, Jr.
(202) 479-3019

1) There is a $30,000,000 claim against the Gov-Fosell Principal for illegal denial disability ERISA claim (wave)
2) There is $50,000 IRS/Fraud claim for refunds while disabled (wave)
3) There is $100,000 claim against NOT/Canadians for Fraud as Anti Public Police Pendonian servants.
4) All claims of Federal Fraud, removed re States as filed and state to fed for diversity Fraud of States.

Enclosures



**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**
**P.O. Box 193939**
**95 Seventh Street**
**San Francisco, CA 94119-3939**

November 27, 2007

Charles Ivie
20 Helvic Avenue
Monterey, CA 93940

Dear Mr. Ivie:

This court is in receipt of your material received November 27, 2007.

This court is unable to determine or understand the nature of your request and therefore, unable to process your material since you have no appeal currently pending in this court. We are a court of limited jurisdiction which means in order to file a case in this court, you must appeal from a final appealable judgment or order from the U.S. District Court.

Please be advised when submitting material to this court for processing you must currently have a case pending in this court and always provide our U.S. Court of Appeals docket number.

Therefore, your materials are being returned.

Sincerely,

Corina Orozco
Deputy Clerk

HEARING NOTICE (CONSENT DENY/PARTIAL ALLOWANCE)

STATE OF CALIFORNIA PETE WILSON,

# STATE BOARD OF CONTROL

VICTIMS OF CRIME PROGRAM
P. O. BOX 3036
SACRAMENTO, CA 95812-3036
(916) 322-4426

June 21, 1995

CHARLES E IVIE
20 HELVIC AVE
MONTEREY, CA 93940

CLAIM NUMBER: 398648 REQ. 4
USER ID. BCCJOHN1
CLAIMANT: IVIE CHARLES,E
SOCIAL SECURITY NO. N/A
DATE OF BIRTH: N/A
FILED BY: N/A

VICTIM: IVIE CHARLES,E
SOCIAL SECURITY NO. N/A
DATE OF BIRTH: N/A
DATE OF DEATH: N/A
PATIENT'S ACCT.NO. N/A

1800777-9229

**PLEASE READ THIS DOCUMENT CAREFULLY.**

A STAFF RECOMMENDATION has been made to the Members of the Board of Control (Board) on your Victims of Crime claim as a result of the verification process. Attached is an explanation of this STAFF RECOMMENDATION and the reasons for it.

**IF YOU DO NOT RESPOND TO THIS NOTICE BY** August 5, 1995, the Board Members will adopt the recommendation and you will be formally notified of the Board's action.

**IF YOU DO NOT AGREE WITH THE RECOMMENDATION** and wish to request a hearing before the Board Members to discuss your claim before a final decision is made on it, please check one of the boxes below and describe the reasons for your disagreement in the space provided. To obtain a hearing on your claim this form must be returned to the State Board of Control no later than August 5, 1995.

**YOUR RESPONSE SHOULD BE MAILED TO:** DENY APPEAL UNIT
P.O. Box 350
Sacramento, CA 95812-0350

**REQUEST FOR HEARING:**

( ✓ ) I disagree for the reason(s) listed below. I am attaching additional information for your consideration. If this material is not sufficient to approve my claim, I wish to appear before the Board Members to present my case.

( ✓ ) I disagree for the reason(s) listed below. I have no additional information but wish to appear before the Board Members to present my case.

REASONS FOR DISAGREEMENT: [illegible handwriting] ... full claim. (See enclosed) ...

**SUPERIOR COURT MONTEREY**
**SALINAS DIVISION**

Charles Ivie

V

DMV and Parking SF, SJ, & Monterey

The following parking citations 533671412, 09J3696596, & ETMYM020252105 are hereby dismissed in the interest of justice, and abstracted by the superior court of monterey county at salinas(the court of jurisdiction and venue for the wrongfully cited there being no other remedy of due process) .The clerk has now served the DMV..

Jose Valasquez. Dept. 6 at 10am 4-22-05 or Presiding Superior Court Judge

All State, County, local Fed ADA Fraud filed for 10K in damages as breached by all law




Reject illegally denied due process damages administrative claims, small claims filed against all for $7500 each again to follow