1-28-08 SF J. Manuel

Docket 24175-06L Table of Contents - Exhibits

Charles Ivie V Commissioner - IRS Fed-State Bor etal Does 1-50

DKt. No.: 24175-06L


| Exhibits | PPS | |
|---|---|---|
| 1 | 1-2 | order to Tax Court |
| 2 | 3-4 | response to Heinkell/State |
| 3 | 5-8 | response to stipulation of Facts |
| 4 | 9-10 | response to pretrial order |
| 5 | 11-12 | response to Pretrial memo |
| 6 | 13-14 | Demand law on invalid debt |
| 7 | 15-18 | response to motion to striked POS |
| 8 | 19 | attempt to straighten state out illegal |
| 9 | 20 | Evidence of gift mugging by IRS Fed offset |
| 10 | 21-24 | evidence of pro pauris status ad infinitum caused by government. |
| 11 | 25-26 | response and order to Tax Court Chief Judge POS |
| 12 | 27 | evidence of First illegal billing through State agency of FMG |
| 13 | 28 | authority for return of benefits and illegal action and POS |
| 14 | 29-30 | Cover letter petitioner |
| 15 | 30-32 | response to councel |
| 16 | 32-34 | response to Tax court |
| 17 | 35-36 | POS Done along with signed petitions, responses, etc lied to or not received by respondent & langeroa court etcetera. |

UNITED STATES TAX COURT

| | | |
|---|---|---|
| CHARLES IVIE, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 24175-06L |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent. | ) | |

MOTION TO DISMISS FOR LACK OF PROSECUTION

THE RESPONDENT MOVES that the Court dismiss the above-entitled case for lack of prosecution and find in its order and decision that the determination made in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated October 19, 2006, a copy of which is attached hereto as **Exhibit A** and upon which the above-entitled case is based, be sustained in full as to tax year 2001.

IN SUPPORT THEREOF, the respondent respectfully shows unto the Court:

1. This case was regularly called for trial at the Trial Session of this Court on January 28, 2008, at San Francisco, California. Respondent's counsel appeared and was ready for trial. No appearance was made by or on behalf of the petitioner. none need heard on papers returned

2. No issues have been raised upon which the burden of proof is upon the respondent and the respondent has not conceded any error assigned in the petition. Wrong the burden is on you not the People

3. No evidence has been adduced in support of the assignments of error in the petition. Wrong done

4. On February 27, 2007, respondent's counsel received a letter from petitioner, a copy of which is attached hereto as **Exhibit B.**

5. On March 7, 2007, respondent's counsel received a letter from petitioner, a copy of which is attached hereto as **Exhibit C.**

6. On April 30, 2007, respondent's counsel received a letter from petitioner, a copy of which is attached hereto as **Exhibit D.**

7. On June 8, 2007, petitioner telephoned respondent's counsel. Petitioner complained that the Court has not set his case for trial. Respondent's counsel informed petitioner that Tax Court will set his case for trial probably early next year.

8. On August 31, 2007, respondent's counsel mailed petitioner a letter proposing a telephonic conference on September 18, 2007, to prepare for trial. Respondent's counsel included a proposed Stipulation of Facts with annexed exhibits with this letter. A copy of this letter is attached hereto as **Exhibit E.**

9. On September 18, 2007, respondent's counsel telephoned petitioner at the telephone number listed on his amended petition. Petitioner did not answer the call nor did he contact respondent's counsel to reschedule the telephonic conference.

10. On September 18, 2007, respondent's counsel received a

Your proof is illegible

document with attachments from petitioner which consisted of copies of various letters, pleadings and Court documents on which petitioner wrote illegible comments. A copy of the document and its attachments is attached hereto as **Exhibit F.**

11. On October 5, 2007, respondent's counsel mailed petitioner a letter that enclosed a Decision document petitioner's signature. The letter asked petitioner to sign and return the Decision document. A copy of this letter is attached hereto as **Exhibit G.** all signed

None no exhibits attached

12. On November 8, 2007, respondent's paralegal telephoned and left a message for petitioner at the telephone number listed on the amended petition.

13. On November 15, 2007, respondent's paralegal telephoned petitioner to follow up on the Decision document. Petitioner stated that he received the October 5, 2007, letter. Petitioner also stated that he does not plan to appear for trial on January 28, 2008. We need hear on [illegible] of proof any Fraud

14. On January 25, 2008, respondent's paralegal telephoned petitioner at the telephone number listed on the amended petition to remind him of the Trial date on January 28, 2008. Petitioner's ~~brother~~ Father Frank answered the telephone and stated that petitioner is out of town. Yes, gone for medical care and non profit ministry work which is more than you'll ever do.

//

already fetters (?) / altered created

A message was left with petitioner's brother with the trial date.

WHEREFORE, it is prayed that this motion be granted.

DONALD L. KORB
Chief Counsel
Internal Revenue Service

6-16-08

Date: 1-28-08 By: [signature]

JOHN W. STRATE
Attorney (SBSE)
Tax Court Bar No. SJ2038
55 South Market St., Ste 505
San Jose, CA 95113
Telephone: (408) 817-4650

OF COUNSEL:
THOMAS R. THOMAS
Division Counsel
(Small Business/Self-Employed)
PATRICIA A. DONAHUE
Area Counsel
(Small Business/Self-Employed:Area 7)
JEFFREY L. HEINKEL
Associate Area Counsel
(Small Business/Self-Employed)
J:\AHN\Tax Litigation\TL Motions\LOP\LOPcdp IVIE.doc

You continued to fabricate, lie, and not provide any exhibits as I have. You file of Fraud is now turned over to the hiss Supreme Court who states government does not have to follow the law, at least they upheld 2nd Amendment as people are prepared to protect themselves from you and your illegal corrupt, immoral system of biased Fraud, no authority except what you make up, and so you can collect and get paid through ill gotten gains of taxes by an irresponsible cowardly, illegal system of rotten people as the scum instead of cream are professing public service for which you are not! You have a severed conflict of interest and practice only Fraud with no ethics or professional conduct as stated in Nuremberg Trials...

UNITED STATES TAX COURT

INSTRUCTIONS TO PARTIES AND ATTORNEYS
REGARDING TRIALS BEFORE JUDGE L. PAIGE MARVEL

Anticipating that some of you, whether counsel or a pro se party, have not been before this Court, or at least before Judge Marvel (and possibly that some may have previously never been in any Court), the following instructions are given to guide you in your actions before the Court.

I. OPENING STATEMENTS AND EXAMINING WITNESSES

1. Opening statements and examination of witnesses generally will be from the lectern. If you desire to remain seated at counsel table for examination of witnesses, permission should be requested from the Court (and generally will be granted.)

2. The proceedings are reported by tape recording using microphones. Accordingly, you must remain in front of the microphone on the lectern or on counsel's table while talking. Do not strike the lectern for emphasis.

Good proof of your Fraud.

3. Opening statements should be brief, i.e. 10 minutes or less.

Nice

II. OBJECTIONS TO QUESTIONS

1. Do not use objections for the purpose of making a speech, recapitulating testimony or attempting to lead the witness.

here

2. When objecting, state only that you are objecting and the legal ground of objection. If you wish to argue an objection further, ask for permission to do so.

3. Make objections in a timely manner, i.e. before the witness answers the question.

yes it is

III. GENERAL DECORUM

1. Keep the trial low-key. It is not a circus, a contest of dramatic ability or an oratorical contest. It should be, at all times, a quiet, dignified proceeding to ascertain the proper tax liability of the petitioner.

— you are not here

2. Do not approach the trial clerk or the witness box without specific permission. When permission is given, return to the lectern or counsel table when the purpose of the permission is finished.

3. Rise when addressing the Court and when the Judge enters or leaves the courtroom.

why no reference reserved Rae

4. Address all remarks to the Court. Do not address the trial clerk, the reporter or opposing counsel. If you want to discuss something with opposing counsel, ask permission to go off the record. All requests to have questions or answers played back by the reporter, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

5. Do not address or refer to a witness or counsel by his or her first name.

6. While Court is in session, do not leave counsel table to confer with other lawyers, agents, secretaries, or witnesses behind the bar unless permission is granted in advance.

why?

7. You should not by facial expression, nodding or other conduct exhibit any opinion, adverse or favorable concerning any testimony which is being given by a witness or any ruling of the Court. Counsel should admonish his or her own client and witnesses similarly to avoid such conduct.

8. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

5 years

IV. PROMPTNESS OF COUNSEL AND WITNESSES

1. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. You must request permission from the Court, in advance, to delay arrival for any reason.

2. If a witness was on the stand at a recess or adjournment, you should have the witness back on the stand ready to proceed when Court resumes.

3. Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

4. The Court attempts to cooperate with non-party witnesses and, except in extraordinary circumstances, will accommodate them by permitting them to be put on out of sequence. Anticipate any such possibility and discuss it with opposing counsel. If there is objection, confer with the Court in advance.

V. EXHIBITS

1. You should keep your own list of exhibits and should keep track of when each exhibit has been admitted in evidence.

2. You are responsible for any exhibits which you obtain from the trial clerk and must return all such exhibits to the trial clerk.

3. Exhibits not previously marked should be accompanied by a request that the trial clerk mark them for identification at the time of their first mention. You must show exhibits to opposing counsel before they are mentioned in Court.

4. When referring to an exhibit, you should refer to its exhibit number. Witnesses should be asked to do the same.

5. Be sure that you have sufficient copies of exhibits to use at trial. If it will be used during examination of a witness, there must be at least a copy for the Court, a copy for the witness, a copy for opposing counsel, and a copy for counsel conducting the examination, i.e. four copies.

6. Any charts, graphs, maps, diagrams, etc., used at trial, without objection, shall be reduced, in advance to 8 ½ x 11 size paper (see Rule 23(d)) and offered as an exhibit.

VI. ADVANCE NOTICE OF DIFFICULT QUESTIONS

If you have reason to anticipate difficult questions of law or evidence that have not been addressed already in your trial memorandum, you must give the Court advance notice.

VII. BRIEFING SCHEDULE

After the parties have rested, the Court will decide whether briefs will be required and whether they will be simultaneous or seriatim. See Rule 151(b). The

Court may request that the parties make known any preference regarding the briefing schedule.

VIII. OTHER RULES

Additionally, you should observe the rules set forth below in the "Rules Governing Conduct During Proceedings of the U.S. Tax Court." You should also be familiar with the Rules of Practice and Procedure of the United States Tax Court which are available from the Clerk of Court in Washington, D.C.

You need to follow rules of
and laws which you have
not as [illegible] by all illegal
laws and filed for criminal &
civil damages as anti public protection
public servants.

COURTROOM RULES GOVERNING CONDUCT DURING PROCEEDINGS OF THE U.S. TAX COURT

The following courtroom rules implement Canon 3A(2) of the Code of Conduct for United States Judges which states, a Judge should maintain order and decorum in all Judicial Proceedings.

COURTROOM DECORUM

Persons attending the session of the U.S. Tax Court shall:

(a) Conduct themselves at all times in an orderly fashion.

(b) Refrain from smoking or other use of tobacco, eating, drinking (except water provided to counsel and witnesses), newspaper or magazine reading, loud talking or other obtrusive behavior.

(c) Be seated while court is in session.

(d) Rise when instructed to do so, for example, upon opening, closing or declaring recesses of court and remain standing until the presiding Judge or Special Trial Judge invites everyone to be seated.

(e) All mobile telephones, audible pagers or other electronic devices shall be turned off in the courtroom. No computers shall be used in the courtroom, except as authorized by the presiding Judge or Special Trial Judge.

All New

SECURITY

No person - except duly authorized law enforcement officers - shall have in his or her possession or cause to be brought into the courtroom any weapon, destructive device, or component thereof.

Courtroom security officers or U.S. Marshals are authorized to open and inspect any item carried into a courtroom.

BROADCASTING AND PHOTOGRAPHS

All persons are prohibited from broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions, except when the presiding Judge or Special Trial Judge authorizes:

(a) the use of electronic or photographic means for the presentation of evidence, or for the perpetuation of a record, and

(b) the broadcasting, televising, recording, or photographing of investitive or ceremonial proceedings.

SANCTIONS

Any person violating these courtroom rules may be subject to punishment for contempt of court or removal from the courtroom or both, as determined by the Court.

You have and filed for damages,

ADDITIONAL ORDERS

Nothing in these courtroom rules precludes an individual Judge or Special Trial Judge from making and enforcing such additional orders as are necessary to maintain security, order and decorum in proceedings before the U.S. Tax Court.

As approved by the Chief Judge of the U.S. Tax Court

6-16-

Now [signature] all rules followed and huge fraud for $50,000 in damages filed. CC

Thomas B. Wells
Chief Judge

Dated: February 11, 2003

Trial Calendar: San Francisco, California
Date: January 28, 2008

## PRETRIAL MEMORANDUM FOR RESPONDENT

**NAME OF CASE:**

CHARLES IVIE

**DOCKET NO.**

24175-06L

**ATTORNEYS:**

Petitioner:
Pro Se
(831) 372-5355

Respondent:
John W. Strate
(408) 817-4684

**AMOUNTS IN DISPUTE:**

| Year | Amount at Issue |
|---|---|
| 2001 | $106.06 |

**STATUS OF THE CASE:**

Probable Settlement___ Probable Trial_x_ Definite Trial___

**CURRENT ESTIMATE OF TRIAL TIME:** __1_Hour.

**MOTIONS RESPONDENT EXPECTS TO MAKE:**

Motion to Dismiss for Lack of Prosecution

**STATUS OF STIPULATION OF FACTS:** Completed__ In Process_X_

**ISSUE:**

Whether respondent's settlement officer abused his discretion by upholding the proposed levy of $106.06 for taxable year 2001.

**WITNESSES RESPONDENT EXPECTS TO CALL:**

In addition to the petitioner, respondent reserves the right to call any witness listed by petitioner, any witness

whom respondent may have to call to authenticate documents to which petitioner will not stipulate, and any witness necessary for purposes of rebuttal or impeachment.

SUMMARY OF FACTS:

Petitioner filed a timely Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for tax year 2001. Petitioner reported the following amounts of income, credits and payments:

| Item | Amount |
|---|---|
| Wages | $925.00 |
| Adjusted Gross Income | $925.00 |
| Rate Reduction Credit | $ 46.25 |
| Withholding Tax Paid | $105.60 |
| Earned Income Credit | $ 71.00 |
| Refund | $222.85 |

calculated by IRS never received

On March 18, 2002, respondent issued a refund to petitioner of $176.60 which included withholding of $105.60 and the earned income credit of $71.00. However, on April 15, 2002, respondent reversed the earned income credit and assessed interest of $3.88. These amounts were assessed as mathematical adjustments under I.R.C. § 6213(b)(1). Therefore, respondent did not send petitioner a notice of deficiency.

Respondent sent petitioner a Statutory Notice of Balance Due on March 17, 2003.

never due per law accounting and facts

Respondent assessed a failure to pay tax addition to tax under I.R.C. § 6651(a)(2) of $11.00 on October 17, 2005.

On March 20, 2006, respondent issued a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner with respect to the balance due of $100.74 for taxable year 2001.

Petitioner filed a Form 12153, Request for Collection Due Process Hearing ("**CDP hearing**") with two attached pages, which was notated that respondent received such on

April 23, 2006.[1] Petitioner's request for a CDP hearing contained illegible writing so it was not possible to determine the basis on which he was challenging the proposed collection action. In addition, one of the two attached pages purports to be a civil complaint filed by petitioner against the federal and state government and various officials alleging fraud and damages. On the second of the two attached pages petitioner stated "no valid debt" and "return 1992 refund forthwith." Petitioner's request for a CDP hearing did not clearly dispute the underlying liability for tax year 2001.

Fraud asshole

wrong

On August 14, 2006, respondent sent petitioner a letter acknowledging his Request for a Collection Due Process Hearing and inviting him to call respondent's settlement officer and schedule a telephonic CDP hearing within 14 days. On September 5, 2006, respondent sent petitioner a letter requesting that he contact the settlement officer by September 19, 2006 if he wished to provide any additional information. In addition, respondent stated that "[i]f you do not participate in the conference or respond to this letter, the determination letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax period, and the Service's administrative file and records."

Lie

Petitioner did not respond to either of these letters. Petitioner did not assert spousal defenses and did not suggest collection alternatives such as an offer in compromise or installment agreement. Petitioner made only arguments which the settlement officer believed were frivolous. In addition, respondent requested that petitioner complete a Collection Information Statement, Form 433-A. Petitioner did not provide the Financial Statement.

wrong this is and outright cond lie wrong every thing was provided

On October 19, 2006, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 by certified mail sustaining the levy for taxable year 2001. Respondent made a Summary of Determination as follows:

---

[1] Because petitioner's Form 12153 was received on April 23, 2006, respondent initially believed that it was filed after expiration of the 30-day period allowed by I.R.C. § 6330. However, inasmuch as no envelope was attached to the Form 12153, respondent decided not to dispute the date of filing.

there is no statue on Fraud and delay of your due process

Appeals has found that all legal and administrative requirements for the action tax have been met. We have also considered whether the collection action taken or [sic] proposed [action] balances the need for efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. The issuance of the Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing was appropriate and balanced the need that any collection action be no more intrusive than necessary because the taxpayer did not propose an alternative to enforced collections and has not cooperated with the collection of the tax. The levy is sustained. The case will be returned to Compliance for the appropriate collection action.

**BRIEF SYNOPSIS OF LEGAL AUTHORITIES:**

Respondent is authorized to collect unpaid taxes by means of a levy on a taxpayer's property and rights to property. I.R.C. § 6331(a). However, respondent is required to provide written notification of his intent to levy the taxpayer's property at least 30 days prior to the levy and inform the taxpayer of his right to a CDP hearing. I.R.C. § 6330(a). The taxpayer then has 30 days to file a request for a CDP hearing. Treas. Reg. § 301.6330-1(c)(2) Q&A-C4.

A CDP hearing is informal and the formal hearing requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, do not apply. Treas. Reg. § 301.6330-1(d)(2) Q&A-D6. See also Robinette v. Commissioner, 439 F.3d 455 (8th Cir. 2006); Cox v. Commissioner, 126 T.C. 237 (2006). Despite the informality of the CDP hearing and the lack of a transcript and formal record, the notice of determination must discuss all issues raised and should state why arguments and collection alternatives raised by the taxpayer were rejected. See Robinette, 439 F.3d at 461-62.

The regulations provide that a CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications, or some combination thereof. Treas. Reg. § 301.6330-1(d)(2) Q&A-D6. See Olsen

v. United States, 414 F.3d 144 (1st Cir. 2005); see also Katz v. Commissioner, 115 T.C. 329 (2000)(combination of telephone calls and written letters). Therefore, all communications between the taxpayer and the appeals officer between the time of the request for the CDP hearing and the issuance of the notice of determination are part of the CDP hearing. TTK Management v. United States, 2001-1 USTC ¶ 50,185 (C.D. Cal. 2000). Appeals is not required to offer the taxpayer a face-to-face hearing in the absence of a request. Loofbourrow v. Commissioner, 208 F.Supp.2d 698, 707 (S.D. Tex. 2002). If a taxpayer requests a face-to-face hearing, the regulations provide that the taxpayer should be offered one at the Appeals office closest to the taxpayer's residence. Treas. Reg. § 301.6330-1(d)(2) Q&A-D7. See also Katz v. Commissioner, 115 T.C. 329 (2000).

The hearing must be conducted by an officer or employee who has had no prior involvement with respect to the same unpaid tax. I.R.C. § 6330(b)(3). The appeals officer is required to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. I.R.C. 6330(c)(1). However, the appeals officer need not rely on any particular document to comply with the verification requirement. Craig v. Commissioner, 119 T.C. 252, 261-162.

At the hearing, the taxpayer may raise appropriate spousal defenses, challenge the appropriateness of the collection action and offer collection alternatives. I.R.C. § 6330(c)(2)(A)(i)-(iii). In this case, petitioner failed to raise spousal defenses, challenge the appropriateness of the collection action or offer collection alternatives.

The taxpayer may challenge the existence or amount of the liability if he did not receive a notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the liability. I.R.C. § 6330(c)(2)(B). See Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004). However, a taxpayer is precluded from disputing the underlying tax liability in a CDP judicial review proceeding if he failed to properly raise the merits of the underlying liability as an issue during the CDP hearing. Treas. Reg. § 301.6330-1(f)(2) Q&A-F5.

Here, respondent did not send petitioner a notice of deficiency. However, petitioner did not dispute the

underlying liability in his request for a CDP hearing. In addition, he provided no information to Appeals with respect to the underlying liability for tax year 2001. Thus, petitioner may not challenge the underlying liability in this proceeding.

Appeals must decide whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. I.R.C. § 6330(c)(3)(C). In this case, respondent balanced the efficient need for collection and petitioner's interest that the proposed collection action is not more intrusive than necessary. This balance was in favor of respondent because petitioner provided no contrary information.

At the conclusion of the CDP hearing, Appeals is authorized to send a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 which informs the taxpayer of the right to judicial review by the Tax Court. Treas. Reg. § 301.6330-1(e)(3) Q&A-E8. In this case, respondent sent petitioner a notice of determination on October 19, 2006.

**EVIDENTIARY PROBLEMS:**

On June 8, 2007, respondent's counsel and petitioner conferred by telephone. Petitioner wanted to know why it was taking his case so long to be scheduled for trial. Respondent's counsel advised petitioner that the Tax Court would set the case for trial in due course and that respondent's counsel did not have the ability to determine trial dates. Respondent's counsel advised that he would soon send petitioner a proposed Stipulation of Facts and requested that petitioner work with respondent to prepare for trial. Respondent's counsel also explained to petitioner that the assessment in this case was the result of the disallowance of the earned income credit because petitioner did not have sufficient earned income during tax year 2001 to qualify for the credit.

On August 31, 2007, respondent's counsel sent petitioner a letter inviting him to participate in an informal meeting by telephone on September 18, 2007 to

exchange information and narrow the issues for trial.[2] In addition, respondent's counsel enclosed a proposed Stipulation of Facts with annexed exhibits 1-J through 10-J. Petitioner did not participate in this conference or propose an alternative date to confer by telephone.

On September 18, 2007, respondent's counsel received correspondence from petitioner with the heading "US DISTRICT COURT" in which petitioner stated, among other things, that "I will no longer respond or have a trial or hearing thereby being responsible unlike you." Petitioner attached copies of respondent's correspondence and papers filed with the Court. On a copy of respondent's August 31, 2007 letter to him, petitioner wrote " there is nothing to talk about."

Yes I have filed civil & criminal complaint against you

Date: JAN 11 2008

JOHN W. STRATE
General Attorney
(SBSE)
Tax Court Bar No. SJ2038
55 South Market Street
Suite 505
San Jose, CA 95113
(408) 817-4684

6-16-08

Return to: Judge L. Paige Marvel
United States Tax Court, Room 422
400 Second Street, N.W.
Washington, D.C. 20217
(202) 521-0740

You are some really corrupt depraved individual who lie, cheat and steal (L$S) system from the people, your facts and circumstances of law are blatantly incorrect, Fraudulent, with no constitutional basis. You are a government ... You are illegal with no authority.

[2] Respondent's counsel proposed that the meeting take place by telephone because petitioner had previously stated that he was disabled and unable to travel.

correct see files on papers judicial now filed against you and regulation

cc DOJ State Bar

Docket No. 24175-06L

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing paper was served on petitioner by mailing the same on JAN 1 1 2008 in a postage paid wrapper addressed as follows:

Charles Ivie
c/o Frank Ivie
20 Helvic Ave.
Monterey, CA 93940

Date: JAN 1 1 2008

[signature]
JOHN W. STRATE
General Attorney
(Small Business/Self-Employed)
Tax Court Bar No. SJ2038

You have been served of your fraud again for 50,000 in damages 4 bils. You can prove otherwise, you cannot fabricate as you have or use any laws to circumvent due process and evidence as you have your papers signed and served against before with no basis or response from you. The only reason you can steal, extort, etc. is because a huge dumb-down, cowardly population allows you too. Your reign of economic fraud & terror is over, the people are close to getting rid of your over-sized, billion positions of fraud so you can join the rest of the pathetic people

**UNITED STATES TAX COURT**
**WASHINGTON, D.C. 20217**

DKT. NO(s). 24175-06L

The enclosed documents:
Miscellaneous documents including pre-trial memorandum

Receiving all proof and evidence submitted

received 11/26/07 are returned *unfiled* for the following reason(s):

**FORM AND STYLE**

☐ Caption incomplete or incorrect. Rule 23(a)(1).
Correct caption is: ______

☐ Docket number incomplete or incorrect.

☐ No signature or no original signature. Rule 23(a)(3).

☐ Insufficient copies. Rule 23(b).

☐ Improper joinder of motions. Rule 54.

**STATUS OF REPRESENTATIVE**

☐ Representative not admitted to practice. Rule 200.

☐ No entry of appearance filed by representative. Rule 24(a).

☐ Motion to withdraw representative. Failure to comply with Rule 24(c).
☐ Include current address(es) and telephone number(s) of petitioner(s).

☐ Power of attorney not recognized.

**CONSOLIDATION**

☐ All cases not at issue. Rule 141(a).

☐ Place of trial must be same for all cases.

☐ All docket numbers must appear in caption of document in chronological order beginning with earliest number.

**MISCELLANEOUS**

☐ Discovery requests/responses are not filed. Rules 71(c) and/or 72(b).

☐ Not timely-motion for leave to file or equivalent needed.

☐ Documents appear to be in the nature of evidence and cannot be kept by the Court at this time.

☐ Not a proper document to be filed with the Court .

☐ Motion to change place of trial required. Rule 140(c).

☐ Tax returns are not filed with the Tax Court.

None

☐ Decision/Order of Dismissal entered ______

☑ No original signature on pre-trial memorandum. Certificate of Service not complete. See form 10, Appendix 1 of the Rules, for certificate of service form. Documents other than pre-trial memorandum are not proper documents to be filed with the Court. Returned pursuant to Judge's direction.

wrong

JW

NOTE: All Rule references are to a current copy of the Tax Court Rules of Practice and Procedure. A copy of the Rules may be obtained for $22.00 by writing to the Administrative Office, United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217, or to the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402, and enclosing a check for the appropriate amount. The Rules are also available on the Tax Court's Internet web site, **www.ustaxcourt.gov**.

Office of the Clerk
Date 12/06/07

6/6/08 You have committed Federal Fraud. You have given 4 cases as you stated at POS, PTM, signed etc. You continue to fabricate to cook your phoney bullshit assessment in Fraud. You are ordered to return [illegible] 50,000.00

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

| | | |
|---|---|---|
| CHARLES IVIE, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Docket No. 24175-06L. |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER OF DISMISSAL AND DECISION**

In an order to show cause dated April 16, 2008, petitioner was ordered to show cause on or before April 30, 2008, why respondent's motion to dismiss for lack of prosecution filed January 28, 2008, should not be granted and a decision entered against petitioner. No response has been received from petitioner. For cause, it is

ORDERED that the order to show cause dated April 16, 2008, is hereby made absolute. It is further

ORDERED that respondent's motion to dismiss for lack of prosecution filed January 28, 2008, is granted, and this case is dismissed for lack of prosecution. It is further

ORDERED and DECIDED that respondent may proceed with collection of petitioner's income tax liability for 2001 as set forth in the Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 dated October 19, 2006.

(Signed) L. Paige Marvel
L. Paige Marvel
Judge

ENTERED: MAY 21 2008

# UNITED STATES TAX COURT

WASHINGTON, DC 20217

| | | |
|---|---|---|
| CHARLES IVIE, | ) | |
| Petitioner | ) | |
| v. | ) | Docket No. 24175-06L. |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| Respondent | ) | |

**ORDER TO SHOW CAUSE** None

This case was called for trial at the Court's January 28, 2008, San Francisco, California trial session. There was no appearance by or on behalf of petitioner. Respondent's counsel appeared and presented a motion to dismiss for lack of prosecution, which was filed on January 28, 2008, and taken under advisement by the Court. For cause, it is

still dismissed papers filed

ORDERED that petitioner shall show cause, on or before April 30, 2008, why the Court should not dismiss this case for lack of prosecution and find in its order and decision that the determination made in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated October 19, 2006, be sustained in full.

None

6-16-08

already limited by Fraud

None

(Signed) L. Paige Marvel

L. Paige Marvel
Judge

Don't need to show proper your bullshit lack of due process delays etc. The packet is returned to you. You are dismissed

Dated: Washington, D.C.
April 16, 2008

to show cause of your fraud, all statements and filed from such proceedings, given all. This is absolute! You are threats served etc. of the highest magnitude. I have turned you over to Federal marshals and filed civil-criminal charges against you unless you can prove your case [illegible]

**Tax, credits, and payments**

22 Enter the amount from line 21 (adjusted gross income). 22 2,4[illegible]

23a Check if: ☐ **You** were born before January 2, 1943, ☐ Blind; ☐ **Spouse** was born before January 2, 1943, ☐ Blind — **Total boxes checked** ▶ 23a 0

b If you are married filing separately and your spouse itemizes deductions, see page 30 and check here ▶ 23b ☐

*Standard Deduction for—*
- *People who checked any box on line 23a or 23b or who can be claimed as a dependent, see page 30.*
- *All others:* Single or Married filing separately, $5,350; Married filing jointly or Qualifying widow(er), $10,700; Head of household, $7,850

24 Enter your **standard deduction** (see left margin). 24 5,350 —

25 Subtract line 24 from line 22. If line 24 is more than line 22, enter -0-. 25 0

26 If line 22 is $117,300 or less, multiply $3,400 by the total number of exemptions claimed on line 6d. If line 22 is over $117,300, see the worksheet on page 32. 26 3,400 —

27 Subtract line 26 from line 25. If line 26 is more than line 25, enter -0-. This is your **taxable income.** ▶ 27 0

28 **Tax,** including any alternative minimum tax (see page 30). 28 0

29 Credit for child and dependent care expenses. Attach Schedule 2. 29 0

30 Credit for the elderly or the disabled. Attach Schedule 3. You figure again 30 0 ?

31 Education credits. Attach Form 8863. 31 0

32 Child tax credit (see page 35). Attach Form 8901 if required. 32 0

33 Retirement savings contributions credit. Attach Form 8880. 33 0

34 Add lines 29 through 33. These are your **total credits.** 34 0

35 Subtract line 34 from line 28. If line 34 is more than line 28, enter -0-. 35 0

36 Advance earned income credit payments from Form(s) W-2, box 9. 36 0

37 Add lines 35 and 36. This is your **total tax.** ▶ 37 0

38 Federal income tax withheld from Forms W-2 and 1099. 38 0

39 2007 estimated tax payments and amount applied from 2006 return. 39 0

*If you have a qualifying child, attach Schedule EIC.*

40a **Earned income credit (EIC).** You figure 40a 0

b Nontaxable combat pay election. 40b

41 Additional child tax credit. Attach Form 8812. 41 0

42 Add lines 38, 39, 40a, and 41. These are your **total payments.** ▶ 42 0

**Refund**

43 If line 42 is more than line 37, subtract line 37 from line 42. This is the amount you **overpaid.** 43 0

*Direct deposit? See page 52 and fill in 44b, 44c, and 44d or Form 8888.*

44a Amount of line 43 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ 44a 0

▶ b Routing number ▶ c Type: ☐ Checking ☐ Savings

▶ d Account number

45 Amount of line 43 you want **applied to your 2008 estimated tax.** 45 0

**Amount you owe**

46 **Amount you owe.** Subtract line 42 from line 37. For details on how to pay, see page 53. ▶ 46 0

47 Estimated tax penalty (see page 53). 47

**Third party designee**

Do you want to allow another person to discuss this return with the IRS (see page 54)? ☐ **Yes.** Complete the following. ☐ No

Designee's name ▶ Phone no. ▶ ( ) Personal identification number (PIN) ▶

**Sign here**

*Joint return? See page 15. Keep a copy for your records.*

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

Your signature [illegible] | Date 6-15-08 | Your occupation N/A Mixed | Daytime phone number 831, 372 5355

Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | [illegible]

**Paid preparer's use only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. ( )